UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITY BEDDINGFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-05896-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 10 |

    Plaintiff Unity Beddingfield has filed suit against her former employer United Parcel Service, Inc. ("UPS") and several of its employees for employment discrimination. Ms. Beddingfield initiated her action in state court; UPS removed on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331; Not. of Removal ¶¶ 11-12. Now pending before the Court is Ms. Beddingfield's motion to remand the case back to state court.

    Having considered the parties' briefs, the Court finds the matter suitable for resolution without oral argument. Accordingly, the Court **VACATES** the hearing on the motion to remand. Ms. Beddingfield's motion to remand is **DENIED**. Ms. Beddingfield's request for fees is also **DENIED**.

    UPS properly removed the case because, even though Ms. Beddingfield has asserted multiple state law claims against UPS, she also included in her complaint several federal law claims: specifically, a violation of the Equal Pay Act (Count 6), and a violation of the Pregnant Workers Fairness Act (Count 7). Ms. Beddingfield ignores these claims in her motion to remand. *See* Mot. at 4 (claiming that "[t]he complaint alleges five causes of action" only).

    To the extent Ms. Beddingfield suggests that the Court should decline supplemental

jurisdiction over her state law claims, *see* 28 U.S.C. § 1367, the Court disagrees.  The state law claims do not substantially predominate over the federal law claims.  Moreover, there are no compelling reasons to decline supplemental jurisdiction, particularly because there appears to be factual overlap between the state law and federal law claims.  For example, in Count 2, Ms. Beddingfield asserts a state law claim for harassment based on, *inter alia*, pregnancy.  In Count 7, Ms. Beddingfield asserts a federal law claim for violation of the Pregnant Workers Fairness Act.  As another example, in Count 2, Ms. Beddingfield alleges harassment based on, *inter alia*, gender; in Count 3, she alleges discrimination based on, *inter alia*, her gender.  In Count 6, Ms. Beddingfield alleges an Equal Pay Act violation, *i.e.*, discrimination based on gender.

This order disposes of Docket No. 10.

**IT IS SO ORDERED**.

Dated: December 20, 2023

_____
EDWARD M. CHEN
United States District Judge