UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITY BEDDINGFIELD,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., et al.,

Defendants.

Case No. 23-cv-05896-EMC

**ORDER GRANTING MOTIONS TO DISMISS**

Docket No. 68, 69

Before the Court are motions to dismiss by individual defendants Renee Rea and Omar Parra. Dkt. Nos. 68, 69.[1] The Court assumes the parties' familiarity with the factual background and claims.

The Court previously granted these defendants' motions to dismiss with leave to amend as to Plaintiff's FEHA and UCL claims. Dkt. No. 65. Regarding the FEHA claim, the Court explained that to sue defendants Rea and Parra in their individual capacities, Plaintiff must show that these employees personally engaged in harassment of Plaintiff. *Id.* at 6. The Court reviewed the scant allegations in Plaintiff's complaint relating to conduct of these specific individual defendants and found such allegations insufficient to state a claim.

On February 4, Plaintiff filed a second amended complaint (SAC). Dkt. No. 66. The SAC repeats verbatim Plaintiff's prior factual allegations against Defendants Parra and Rea. The only change to the complaint that the Court can identify is in the section describing the parties:

---

[1] Defendant Rea was erroneously sued as "Rene Reyes." Plaintiff declined to correct this mistake in her amended filing.

| FAC | SAC |
|---|---|
| 17. United Parcel Service, Inc. agents, including but not limited to, Managers Aimee/ Amy Vice and Jeffrey Davies, "Omar," Ryan Perrault, Rene Reyes all harassed Plaintiff and are residents of California. | 17. Defendant Omar Parra was at all relevant times a managerial employee of UPS who exercised authority over Plaintiff, including transfers, assignments, discipline, and workplace conditions. 18. Defendant Rene Reyes was at all relevant times a supervisory employee of UPS who exercised authority over Plaintiff and participated in or failed to prevent unlawful harassment and retaliation. 19. At all relevant times, Defendants Perrault and Reyes acted within the course and scope of their employment and as agents of UPS. 20. United Parcel Service, Inc. agents, including but not limited to, Managers Aimee/ Amy Vice and Jeffrey Davies, Rene Reyes all harassed Plaintiff and are residents of California. |

Defendants filed the instant motions to dismiss on February 18, 2026.  Dkt. Nos. 68, 69. Plaintiff failed to file a timely opposition.  Dkt. Nos. 70, 71.  On March 11, a week after Plaintiff's opposition was due, Plaintiff filed a motion for leave to submit a late response.  Dkt. No. 72. Plaintiff's counsel blamed a new employee at counsel's firm for entering the wrong deadlines into the firm's internal calendaring system.  Dkt. No. 72 at 2.  Counsel filed no declaration in support of her motion.  The Court notes that the deadlines for Plaintiff's opposition were listed on the public docket.  Dkt. No. 68, 69.  Notwithstanding Plaintiff's failure to timely file an opposition, the Court addresses the merits.

Plaintiff's SAC does not remedy the defects the Court identified in its prior dismissal

United States District Court
Northern District of California

United States District Court
Northern District of California

order.  The SAC does not contain any new factual allegations, or clarifications to the prior factual allegations against defendants, that could change the Court's reasoning.  Rather, Plaintiff now includes additional pleadings that defendants were managerial or supervisory employees and acted in the scope of their employment.  The Court assumed as much in its prior order.  As already explained to Plaintiff, "A supervisor is only liable for harassing conduct that they have personally participated in" and "mere inaction by a non-harassing supervisor does not create personal liability."  Dkt. No. 65 at 5 (citing *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1327 (Cal. App. 1996)).  The Court found that the meager factual allegations involving actions by Defendants Rea and Parra did not state a claim for harassment under FEHA.  The SAC, which lacks any new or clarified factual allegations, does not alter that conclusion.  Plaintiff's late-filed oppositions, which each devote a mere half a page to Plaintiff's FEHA claim, only reiterate arguments the Court considered and rejected in its prior order.  *See* Dkt. Nos. 72-2 at 3; 72-3 at 3.  Defendants' motions to dismiss the FEHA claim are therefore **GRANTED**.  Plaintiff's UCL claim is derivative of her FEHA claim under the "unlawful" prong; Defendants' motions to dismiss the UCL claim are also **GRANTED**.

The Court previously dismissed these claims with leave to amend in case Plaintiff could make additional factual allegations or clarifications to show harassment by either defendant.  Plaintiff, in her opposition, again seeks leave to amend, claiming that "amendment could easily clarify Defendant's participation in the discriminatory actions already alleged."  Dkt. No. 72-2 at 4.  But Plaintiff had the opportunity to amend – with the benefit of the Court's lengthy dismissal order, which explained in detail where the prior complaint was insufficient – and still failed to make these "easy clarifications."  Dismissal is therefore granted **with prejudice**.

**IT IS SO ORDERED**.

Dated: 3/16/2026

_____
EDWARD M. CHEN
United States District Judge