UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITY BEDDINGFIELD,

       Plaintiff,

   v.

UNITED PARCEL SERVICE, INC., et al.,

       Defendants.

Case No. 23-cv-05896-EMC

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Docket No. 74

On January 14, 2026, the Court granted the motions to dismiss of individual defendants Renee Rea and Omar Parra with leave for Plaintiff to amend. Dkt. No. 65. Plaintiff filed a second amended complaint but failed to make any new or clarified allegations as to Defendants Rea or Parra. Dkt. No. 66. These defendants again moved to dismiss, and this time the Court granted their motions with prejudice. Dkt. No. 73. Plaintiff now seeks leave to file a motion for reconsideration of the March 16 dismissal Order. Dkt. No. 74.

Plaintiff contends that the March 16 Order reflects "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Dkt. No. 74 at 1. Plaintiff's contention appears to be based on Plaintiff's misapprehension that the Court did not consider Plaintiff's untimely oppositions motions. This is not the case. As the March 16 Order clearly states, the Court chose to "address[] the merits," "[n]otwithstanding Plaintiff's failure to timely file an opposition." Dkt. No. 74 at 2. Examining the merits, the Court found that Plaintiff's SAC did not "contain any new factual allegations, or clarifications to the prior factual allegations against defendants, that could change the Court's reasoning" from its prior dismissal order. *Id.* The Court also specifically considered the arguments made in Plaintiff's brief oppositions and found that these oppositions "only

reiterate[d] arguments the Court considered and rejected in its prior order." Dkt. No. 73 at 3. No reconsideration is merited on this ground.

Plaintiff also contends that reconsideration is merited because the "Court's Order was issued on an incomplete factual record while material discovery—central to the issues decided—remains outstanding despite Defendants' diligent efforts to provide it." Dkt. No. 74 at 3. Plaintiff contends that discovery she did not have access to when she briefed the motion to dismiss would "materially clarify" the issues. *Id.* at 4. Plaintiff attaches to her motion over one hundred pages of discovery responses. She does not explain what in these responses provides new materials facts that would alter the Court's conclusions in its March 16 Order. The Court finds no basis for reconsideration on this ground. Plaintiff may seek leave to file a third amended complaint if warranted by new material facts obtained in discovery but in seeking leave must provide the proposed amended complaint, redlined against the prior complaint, and explain how newly obtained discovery supports any new allegations.

Finally, Plaintiff contends that "The Court's analysis effectively imposed a heightened pleading standard inconsistent with Rule 8(a)" and that this was "clear error." The Court applied the standard *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)/ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) analysis. No reconsideration is merited on this ground.

Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: 4/1/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California